## Case No. 985.

### BARING et al. v. WILLING et al.

[4 Wash. C. C. 248.] [1]

Circuit Court, D. Pennsylvania. April Term, 1820.

TRUSTS—ENFORCEMENT IN EQUITY—APPOINTMENT OF AGENT—LIEN OF AGENT.

1. Jurisdiction of courts of equity over trusts, and confirming the appointment of an agent made by a majority of the trustees, or in appointing an agent by the court.

[Cited in Curtis v. Smith, Case No. 3,505.]

[See Batesville Inst. v. Kauffman, 18 Wall. (85 U. S.) 151; Watson v. Jones, 13 Wall. (80 U. S.) 721; U. S. v. Hoyt, Case No. 15,410; James v. Atlantic Delaine Co., Id.

[1] [Reported by Jabez S. Holmes, Esq., and here reprinted by permission.]

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States. under the supervision of Richard Peters, Jr., Esq.]

7,177; Harrison v. Rowan, Id. 6,143; Ketcham v. Mobile & O. R. Co., Id. 7,737; Dias v. Brunell, 24 Wend. 9.]

2. In what cases the court will not direct an agent to deliver up the papers in his possession; as, if he has a lien.

[See Irvine v. Dunham, 111 U. S. 327, 4 Sup. Ct. 501.]

[In equity. Bill by Alexander Baring, Henry Baring, and others against Thomas M. Willing and Charles Willing Hare to confirm the appointment of an agent nominated by the trustees under the will of William Bingham, other than the defendant trustee Hare. Decree confirming nomination.]

WASHINGTON, Circuit Justice. The object of this bill is to obtain a decree of the court, to confirm the appointment of the agent nominated by the plaintiffs and the defendants, Thomas M. Willing, to transact the business of the estate of William Bingham deceased, and to execute the trusts created by his will so far as may be necessary, or to appoint some other person to act. in that capacity; and also to compel the defendant, Charles W. Hare, to deliver over the papers belonging to the estate of the testator to the agent so to be appointed. The will of William Bingham, which is made an exhibit in the cause, devises the whole of his estate, real and personal, to the plaintiffs and to the defendants, in trust, after the payment of the debts and legacies, to divide the same into five equal parts, and to stand seised of two of the said parts, for the use of his son, then and still a minor, and of the other three for the use of his daughters, the wives of the plaintiffs Alexander and Henry Baring, the rents and profits, interest, and dividends, to be paid to them equally; and after their deaths to be divided equally amongst their children respectively. The interest, dividends, rents and profits of the two parts given to his son, to be employed for his maintenance and education, and the surplus, if any, to be invested in the American funds until the son should attain his full age. The will further empowers the trustees, who are also constituted executors, to sell and convey the whole, or any part of the real estate, and to invest the proceeds in the American funds in the names of the trustees, for the uses above mentioned. It further empowers them to appoint an agent or agents to transact all business necessary for the execution of the trusts, and declares that they shall not be answerable for the acts of their agent, nor should one trustee be answerable for the acts of the others. This will was duly proved, and the plaintiffs and defendants accepted the trusts. The bill states that the defendant, C. W. Hare, was appointed by the other trustees the agent under the will to execute the trusts, and that he continued to discharge the duties of that office until the 1st of January, 1819; having in September preceding addressed a letter to the other trustees, in which he declared his determination to withdraw from the agency after that period, and requesting that another agent might be appointed to succeed him, and to receive from him the papers of the estate, the entire custody of which had been with that defendant. In consequence of this intimation, the other trustees nominated John H. Powell to act as the agent, and to receive the papers. This nomination was disapproved of by Charles W. Hare; and he therefore refused to concur in the appointment of the agent, or to deliver over the papers to him. The bill further states, that the Messrs. Baring are subjects of the king of the United Kingdoms of Great Britain, &c. and resident there; that the other plaintiff is a resident of the state of Maryland; and the defendants of this state. That the defendant, C. W. Hare, refuses to have any communication or correspondence with the other defendant, T. M. Willing, or to deliver over to the agent so nominated by the other trustees, such of the papers as concern the duties of his agency; in consequence of which, and of the refusal of Mr. Hare to concur in the appointment of the agent nominated by the other trustees, the estate of Mr. Bingham is exposed to great embarrassment and loss. and the trusts of the will cannot be executed. These charges in the bill are in substance acknowledged by the separate answers of the defendants, and there is in reality no matter of fact material to the determination of this cause in dispute between the parties. The questions are, whether the plaintiffs are entitled to the relief prayed in the bill, or to any other, and what relief? It is in the first place to be remarked, that the bill contains no charge against the integrity or solvency of Mr. Hare, nor against his capacity to execute the duties of trustee and executor. In all these respects, and in any and every other which concerns his character and conduct generally, or in relation to the management of the affairs of this estate, he stands before the court free from all exception. The only charge is his refusal to concur with the other trustees in appointing the agent nominated by them to execute the will, and his refusal to deliver the papers to such agent; and the court can entertain no doubt but that this refusal has been induced by the best motives, and by a conscientious devotion to what this gentleman believes to be the real interest of the persons interested in the estate of the testator.

All this being admitted, the first question is, whether the court can, and ought to interfere in the appointment of an agent for the purposes mentioned in the will? The power of the court to appoint an agent, and the expediency of doing it in this case, are both denied by the defendant, Charles W. Hare. As to the power. Courts of equity have always claimed and exercised exclusive jurisdiction in cases of trusts and over the con-

duct of those appointed to execute them. This has never been disputed ground. No other tribunal can so properly direct the manner of executing them, or inquire into and correct abuses where there has been, or is likely to be, mismanagement by the trustees. No other court can so conveniently provide against those unforeseen casualties which may defeat the will of the party who created the trust. It would be a reproach upon the administration of justice, if a court of equity did not possess these powers, since it must be admitted on all hands, that they cannot be exercised by courts of common law. We are therefore of opinion, that upon the reason of the case, as well as upon authority, a court of equity has a power to enforce the execution of trusts in such manner as may be most likely to accomplish the object of the party who created them; in cases where, without such interference, the trust would be imperfectly executed, or not executed at all.

2. Is it expedient in this case that the court should interfere in the appointment of an agent to represent the trustees, and to execute the trust? The will authorises the trustees to appoint such an agent. Such a power was foreseen by the testator to be absolutely necessary to enable the trustees to act with effect. Two of them resided in England; one in the state of Maryland; and the other two in Pennsylvania. They had authority to sell the whole, or any part of his real estates, and to invest the proceeds of such sales, as also the income of the part given to the infant son, beyond what might be necessary for his education and support, in the American funds. The joint act of the trustees would be necessary for the performance of many of those duties, the difficulty and delay in obtaining which might frequently be productive of serious injury to the estate. The want of this co-operation of the trustees, and of an agent duly appointed, has given rise to this suit; and the obstacles to the execution of the trust charged in the bill, are examples of many others which might, and most probably would, occur, in the further discharge of the duties of the trustees, if the interference of this court should be withheld. It happens from an unfortunate misunderstanding between the two trustees who reside in this state, where the business is principally to be transacted, that they have no intercourse with each other, and one of them refuses to unite in the appointment of the agent selected by the others. The court cannot inquire into the cause of the difference which exists between these gentlemen, and most certainly imputes blame to neither. The consequences nevertheless are to be deplored, and so far as they do of necessity prevent the proper execution of the trusts, it is the duty of this court to avoid them.

3. The next question respects the person to be appointed the agent. If this subject came before the court, unaffected by any previous nomination of a majority of the trustees, it would be referred to the master to report to the court a fit person to execute this office, subject to the exceptions which any of the parties might choose to take. Upon such a reference, the choice of a majority of those whose agent the person appointed was to be, would unquestionably be respected, provided it should appear to the court, that he was in all respects unexceptionable. But no such reference is in this case necessary, since it appears that an agent has been nominated by four-fifths of the trustees, and that he continues to be the object of their choice. The objections stated by one of the defendants to this nomination are not, in the opinion of the court, such as ought to disappoint the wishes of so great a majority of the persons whose duty and interest it is to select a per-. son in all respects fit for this office. A nomination so made ought to be decisive with the court.

4. As to the papers, there is no doubt but that all the trustees are entitled to free access to them, and that the agent ought to be put into possession of such of them as concern the business which he will have to transact. But the court is not disposed, unless it should hereafter appear to be necessary, to order the papers generally to be delivered over to the agent, until the claims of the defendant, who now has the custody of them, against the testator's estate, are settled and discharged.

This cause came on to be heard the twentieth day of April, in the year one thousand eight hundred and twenty, upon the bill, answer, replication and exhibits filed, and was then argued by counsel. Whereupon it is decreed and ordered, that the nomination of John Hare Powel, as agent for the estate of William Bingham deceased, in the bill mentioned by four-fifths of the trustees of the same, be, and the same is hereby confirmed. And it is further decreed and ordered, that the defendant, Charles Willing Hare, do permit the plaintiffs, and the other defendant, Thomas M. Willing, or either of them, and any person authorized in writing for this purpose by them, or either of them, at all reasonable hours, to have free access to the books and other papers in his possession, belonging to the estate of the said William Bingham deceased, for the purpose of inspecting and taking copies of the same if desired; and also that the same access be permitted to the agent aforesaid, and to any person appointed for this purpose in writing by the said agent. And it is further decreed and ordered, that the said Charles Willing Hare do deliver to John Hare Powel, the agent aforesaid, or to his order in writing, such papers of the said estate as may be necessary to enable the said agent to transact the business of the said estate, or as the honourable Richard Peters, one of the judges of this court, may direct to be so delivered, the said agent or person

receiving the said papers giving a receipt for the same to the said Charles Willing Hare; and leave is reserved to the plaintiffs or defendants to apply to this court from time to time for such further order in the premises as may be necessary.